**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Sarah R. Lavelle, Esq. (93383)    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHARONDA CHEEVES**<br>**4535 Enfield Avenue, Apartment 5**<br>**Philadelphia, PA 19136**<br>         Plaintiff, | : <br> : <br> : <br> : <br> : | Civil Action No. |
| v. | : <br> : | **Complaint and Jury Demand** |
| **HYDE SC 200 GROUP, LLC d/b/a**<br>**SUPERCUTS, INC.**<br>**528 S 2nd Street**<br>**Philadelphia, PA 19147** | : <br> : <br> : <br> : <br> : | |
| **300 Winston Drive**<br>**Cliffside Park, NJ 07010** | : <br> : | |

### CIVIL ACTION

Plaintiff, Sharonda Cheeves (hereinafter "Plaintiff"), by and through her attorneys, Koller Law, LLC, bring this civil matter against Hyde SC 200 Group, LLC d/b/a Supercuts, Inc. (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Hyde SC 200 Group, LLC d/b/a Supercuts, Inc. is a chain of hair salons with a location at 528 S 2nd Street, Philadelphia, PA 19147 and with a corporate headquarters located at 300 Winston Drive, Cliffside Park, NJ 07010.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein

pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under and Title VII of the Civil Rights Act of 1964, as amended.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race and gender discrimination against Defendant.

14. The Complaint was assigned the Charge Number 530-2019-01525 and was dual filed with the Pennsylvania Human Relations Commission.

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated February 27, 2019. Plaintiff received the notice by mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On October 31, 2016, Defendant hired Plaintiff as a Stylist.

21. Plaintiff was well qualified for her position and performed well.

22. In or around 2018, Defendant promoted Plaintiff to Key Holder and Stylist.

23. Plaintiff was well qualified for her position and performed well.

24. On August 20, 2018, Plaintiff requested a day off due to personal reasons. She made the request to Tina Mallon (Caucasian), Manager.

25. Instead of granting Plaintiff's request as, Ms. Mallon routinely did for other employees, Ms. Mallon began to give Plaintiff issues regarding the simple request for a day off.

26. Plaintiff questioned Ms. Mallon as to why Ms. Mallon was acting this way towards Plaintiff.

27. Later that day, Ms. Mallon revealed the schedule she had created for the following week and Plaintiff discovered that Ms. Mallon had scheduled Plaintiff for only 16 hours. Whereas Plaintiff was expecting a 40 hour work week.

28. On August 22, 2018, Danny Coniglio (Caucasian), General Manager, came to Defendant's location.

29. Plaintiff complained to Mr. Coniglio about (a) how Ms. Mallon handled Plaintiff's request for a day off (b) how Ms. Mallon treated Plaintiff following her request for a day off and (c) how Ms. Mallon had retaliated against Plaintiff by only scheduling her for 16 hours the following week.

30. Mr. Coniglio responded to Plaintiff by defending Ms. Mallon and instead of addressing Plaintiff's complaints, he accused Plaintiff of acting improper and unprofessional.

31. Mr. Coniglio said that it was not in "our culture" to speak to managers like he and Ms. Mallon alleged Plaintiff spoke to Ms. Mallon.

32. Plaintiff believes and avers that Mr. Coniglio implied a racist contrast between Caucasian employees and African-American employees when he said the culture comment, and that both his actions and comment was directed towards Plaintiff's race. She protested this comment once he said it.

33. In response, Mr. Coniglio told Plaintiff that if she did not like what he said, that she should quit now.

34. Plaintiff did not want to quit.

35. Mr. Coniglio then notified Plaintiff that she was placed on a suspension pending an investigation. He told her the reason for the suspension was for what she said about Ms. Mallon, i.e. her complaints.

36. On September 4, 2018, Mr. Coniglio terminated Plaintiff via text message. The stated reason was due to the alleged investigation.

37. Other similarly situated employees outside of Plaintiff's protected classes were treated more favorably than Plaintiff. By way of example, Anh Nguyen (Vietnamese male), Key Holder, repeatedly made threats to Ms. Mallon in person and on social media and was also disrespectful and insubordinate to her, yet Defendant did not discipline him for this.

38. In addition, Defendant was aware that Mr. Nguyen came to work under the influence of drugs, but did not discipline Mr. Nguyen for it.

**COUNT I – RACE DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS OF 1964, AS AMENDED**

39. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

40. Plaintiff is a member of protected classes in that she is African-American.

41. Plaintiff was qualified to perform the job for which she was hired.

42. Plaintiff suffered adverse job actions, including, but not limited to termination.

43. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

44. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

45. Defendant discriminated against Plaintiff on the basis of race.

46. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

47. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RACE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

48. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

49. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her race (African-American).

50. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – GENDER DISCRIMINATION
## TITLE VII OF THE CIVILE RIGHTS ACT OF 1964, AS AMENDED

51. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

52. Plaintiff is a member of protected classes in that she is female.

53. Plaintiff was qualified to perform the job.

54. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

55. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

56. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

57. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

58. Defendant terminated Plaintiff.

59. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – GENDER DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

60. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

61. Plaintiff is a member of protected calluses in that she is female.

62. Plaintiff was qualified to perform the job.

63. Similarly situated persons outside of Plaintiff's protected classes were treated more

favorably than Plaintiff.

64. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

65. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

66. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

67. Defendant terminated Plaintiff.

68. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT V – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

69. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

70. Plaintiff engaged in activity protected by Title VII when she complained about race and gender discrimination to Danny Coniglio, District Manager.

71. Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination as set forth at length herein.

72. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

73. Defendant terminated Plaintiff's employment as a result her complaint about race and gender discrimination.

74. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth

herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT VI – RETALIATION
### PENNSYLVANIA HUMAN RELATIONS ACT

75. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

76. Plaintiff engaged in activity protected by the PHRA when she complained about race and gender discrimination to Danny Coniglio, District Manager.

77. Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination as set forth at length herein.

78. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

79. Defendant terminated Plaintiff's employment as a result of her complaint about race and gender discrimination.

80. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Sharonda Cheeves, requests that the Court grant her the following relief against Defendant:

    (a)    Compensatory damages;

    (b)    Punitive damages;

    (c)    Emotional pain and suffering;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences;

(h) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(i) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

10

RESPECTFULLY SUBMITTED,

**KOLLER LAW, LLC**

Date: May 29, 2019     By: *David M. Koller*

David M. Koller, Esquire (90119)
Sarah R. Lavelle, Esquire (93383)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

*Counsel for Plaintiff*

11